McCALLY (CLAY v.). See Case No. 2,869.

---

## Case No. 8,676.

McCALMONT et al. v. LAWRENCE et al.

[1 Blatchf. 232;[1] 5 N. Y. Leg. Obs. 205.]

Circuit Court, S. D. New York. April 5, 1847.

CREDITORS' BILL—CONVEYANCE OF LAND—EXECUTION—PRIORITY—UPON WHAT RELIEF FOUNDED—HOW GRANTED — DECREE — TITLE PURSUANT THERETO.

1. Chancery has jurisdiction of a bill filed by a judgment creditor, for relief against a conveyance of land by his debtor, made with intent to defeat the lien of the judgment, or to hinder or delay its satisfaction, whether execution has been issued on it or not.

[Cited in The Holladay Case, 27 Fed. 845.]
[Cited in National Tradesmen's Bank v. Wetmore, 124 N. Y. 250, 26 N. E. 550.]

2. The creditor who first institutes a suit in equity to avoid such a conveyance as fraudulent, is entitled to relief, without regard to other creditors standing in the same right, but who have not made themselves joint parties with him.

[Cited in brief in Johnston v. Straus, 26 Fed. 67.]

3. The relief awarded in such a case is founded upon the fraud attempted against a lien already attached, or to prevent its attaching, and equity gives the full remedy which could have been obtained through the lien by execution, but without referring the matter to the action or process of a court of law.

4. Chancery, having acquired jurisdiction of the subject matter because of the fraud, will apply the property to the satisfaction of the prosecuting creditor according to its own method of proceeding.

5. The action of chancery on the fraudulent grantor or assignee, is only to the extent of supplying a remedy to the suitor creditor; as to all other persons the assignment remains as if no proceedings had been taken.

6. It is competent for chancery to order the assignee of real estate fraudulently conveyed to

him, to re-convey it to the assignor, in order that execution may act upon it; or to order him to convey it to the proper officer of the court, or otherwise, so as best to appropriate it to satisfy the judgment debt.

7. In a case where a fraudulent conveyance of land was made before the judgment was recovered, and to prevent its lien attaching, a decree that the debtor and his fraudulent assignee join with the receiver in the suit in executing a conveyance to the purchaser on a sale of the land directed by the decree, is appropriate and valid.

8. The title given pursuant to such a decree is full and perfect, as to all the interest the debtor and his assignee had in the land, and is discharged of all right on the part of the debtor and other judgment creditors of his to redeem the land.

This was an application to compel a purchaser of land sold by a receiver under a decree in this cause, to complete his purchase, or for a re-sale of the property and an order that the purchaser pay the deficiency. The bill in this suit was filed by the plaintiffs [Robert McCalmont and others] as judgment creditors of the defendant Susan Lawrence, to set aside, as fraudulent, a conveyance and assignment of lands made by her immediately before they obtained their judgment. See Lawrence v. McCalmont, 2 How. [43 U. S.] 426. The judgment debtor and her assignees were the only defendants. On a hearing on pleadings and proofs a decree[2] was made in favor of the plaintiffs, declaring the assignment void, and ordering the unsold property in the hands of the assignees to be sold by the receiver theretofore appointed in the cause, the proceeds of the sale to be applied on the plaintiffs' judgment, and the defendants to join in conveying the real estate.

---

[2] Decree: 1. That the assignment made by Susan Lawrence to Martinus Bergen and William Lawrence, under date of the 13th of May, 1842, and which is set forth in the pleadings, be declared fraudulent and void. 2. That the real estate, and all other property conveyed by the above assignment from the said Susan Lawrence to the said assignees, and unsold by them, be sold by and under the direction of the receiver heretofore appointed in this cause, he giving such notice of the time and place of sale, as is required on sales by a master of this court; the defendants to unite in the conveyances of the real estate, and in the acknowledgments of the deeds. 3. That the proceeds of the sales, and other funds that may be in the hands of the receiver, be paid over to the plaintiffs, in satisfaction of their judgment set forth in the pleadings, with interest, and costs of this suit to be taxed. 4. If the said monies shall be insufficient to satisfy the judgment and costs, then that the assignees be charged jointly with the value of the assigned property, real and personal, sold or disposed of by them, and with the rents and income thereof, which they received or might have received with ordinary care and diligence, after the date of the assignment and before the property came into the possession of the receiver; the assignees to be allowed all payments of principal and interest on incumbrances upon the property, existing prior to the judgment, all sums paid for taxes, assessments, needful repairs, insurance against fire, and other charges and expenses in the proper care and management of the property, but no commissions or costs of this suit to be allowed. 5. A reference to John W. Nelson, one of the masters of this court, to take an account upon the principles of this decree, before whom

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

At the sale a piece of real estate was sold to one Davenport, who made a deposit and signed a contract to complete the sale. The sale had been announced as one which was to give a perfect title. Davenport, on ascertaining that there were judgments against Susan Lawrence, subsequent in date, however, to the assignment and to the plaintiffs' judgment, objected to the title, and refused to complete his purchase.

William C. Wetmore, for Davenport, insisted, that the assignment, being declared void, could not be a source of title, and the title could not be conveyed by the deed tendered; that as the decree impeached the assignment under which title was taken, the subsequent judgment creditors might also assail the assignment, and the purchaser could not, as against them, insist that he was a bona fide purchaser, without notice; that title could only be made by a sale on execution under the judgment, in which case the subsequent judgment creditors could have an opportunity to redeem; that the purpose of a bill to set aside a fraudulent conveyance, was only to remove obstructions to the legal remedy, a sale on execution, which was fully adequate; and that if the attempted mode of conveyance would give a title, a subsequent judgment creditor, if the first to file his bill and obtain a decree, would cut off a prior judgment. He cited Conard v. Atlantic Ins. Co., 1 Pet. [26 U. S.] 386, 443; Thelusson v. Smith, 2 Wheat. [15 U. S.] 396; Le Roy v. Rogers, 3 Paige, 234; Boyd v. Dunlap, 1 Johns. Ch. 478.

Daniel Lord, for plaintiffs, contended that the assignment was void only as to the plaintiffs; that the deed by the assignees, under the decree, passed the title as to all persons but the plaintiffs, and their right was enforced by the decree; that in declaring the assignment void as to the plaintiffs, the court had power to order the assignees to apply the estate in such manner as to prevent the fraud intended by the assignment, and relieve the plaintiffs, as in the cases of trusts implied by a court of equity out of fraudulent acts and deeds; that the legal title as to all but assailing creditors was in the assignees, and a purchaser from them, under the decree of the court, was a bona fide pur-

chaser, and his purchase valid, if made before the title was attacked by any other creditor. He cited Butler v. Stoddard, 7 Paige, 163; Bank of U. S. v. Housman, 6 Paige, 526; Bean v. Smith [Case No. 1,174]; Ames v. Blunt, 5 Paige, 13; Grover v. Wakeman, 11 Wend. 187.

NELSON, Circuit Justice, stated that the following points had been ruled in the case:

1. Chancery has jurisdiction, on a bill filed by a judgment creditor for relief against a conveyance of lands by his debtor, made with intent to defeat the judgment lien, or to hinder or delay satisfaction of the judgment, whether execution has been issued thereon or not.

2. The creditor who first institutes a suit in chancery to avoid a fraudulent conveyance, is entitled to relief, without regard to other creditors standing in the same right, but who have not made themselves joint parties with him.

3. The relief awarded in these cases, is founded upon the fraud attempted against a lien already attached to land, or because of the assignment with fraudulent intent to prevent the lien from attaching; and equity consequently gives the full remedy which could have been obtained through the lien by execution, but without referring the matter to the action or process of a court of law.

4. For chancery, having acquired jurisdiction of the subject matter, because of the fraud, will apply the property fraudulently conveyed, to the satisfaction of the prosecuting creditor, pursuant to its own methods of proceeding.

5. The action of chancery upon the fraudulent grantor or assignee, is only to the extent of supplying a remedy to the suitor creditor; as to all other parties, the assignment remains as if no proceedings had been taken.

6. It is competent for chancery to order the assignee of real estate fraudulently conveyed to him to reconvey it to the assignor in order that an execution may act upon it; or to order him to convey it to the proper officer of the court of chancery, or otherwise, so as best to effect its appropriation in satisfaction of the judgment debt.

7. To that end, the order heretofore made by this court, that the assignees and assignor in this case, join with the receiver in executing conveyances to the purchasers under the sale directed by the court, is appropriate and valid.

8. The title made pursuant to the decree of this court in that behalf, is full and perfect for all the interest the assignees and the judgment debtor had in the lands transferred by the assignment, and is discharged of all right of redemption by her or by other judgment creditors.

9. The purchaser, upon the facts before the court, is bound to accept the title offered him.

[Mr. Lord suggested that where the objection was held unfounded, it was usual to give

---

all the defendants shall appear upon summons served upon them, and produce all deeds, papers, books, and documents, and be examined on oath, on application of the plaintiffs, touching any of the matters embraced in the reference; the master to approve the form of the conveyances to be executed; the plaintiffs to be allowed their taxed costs of this suit out of the funds; and if the same shall be insufficient to pay the judgment and interest, such costs to be paid by the assignees; and execution to issue, on confirmation of the master's report, for the balance, if any, which the master shall report to be due on such accounting, and for the costs of the plaintiffs; the receiver to pass his accounts before the master, who is to report a proper allowance for him, to be by him retained out of the funds in his hands.

costs, which was deemed advantageous to the purchaser as showing a court's opinion of his title.

[THE COURT said they had so made the order granting the motion, with costs.] [3]

Motion granted, with costs.