H. WADSWORTH *vs.* A. SCHISSELBAUER and Wife and another.

May 15, 1884.

**Creditor's Suit—When an Execution returned Unsatisfied is Prerequisite.**—In a creditor's suit, strictly so called, where the creditor seeks to satisfy his judgment out of the equitable assets of the debtor, which could not be reached on execution, he must have first exhausted his remedy at law by the issue of execution, and its return unsatisfied. This execution must be issued to the county where the debtor resided, if a resident of the state.

**Same—When Docketed Judgment is Sufficient.**—But where property, legally liable to execution, has been fraudulently conveyed by the debtor, and the creditor desires to bring an action to set aside the conveyance as an obstruction to the collection of his debt, he need only proceed at law far enough to acquire a *lien* upon the property sought to be reached. The lien upon the property, and the right to sell it on execution, is the basis of his right to have the conveyance set aside. In case of real estate, it is only necessary that he obtain judgment and docket it in the county where the land is situate. It is not necessary to issue execution. Neither is it necessary to allege in the complaint that the debtor has no other property out of which the judgment can be made.

Plaintiff brought this action in the district court for McLeod county, alleging in his complaint the recovery, on April 25, 1882, of a judgment in justice court in the same county, in favor of one Albrecht and against defendant A. Schisselbauer, for $66.55, the cause of action being a promissory note made by him; the issuing and return unsatisfied of an execution from the justice court; the subsequent docketing of the judgment in the district court for the same county on January 24, 1883, and an assignment to the plaintiff filed in the same court on January 25, 1883. He also alleges the recovery and docketing of a judgment in his own favor against the same defendant, on January 13, 1883, in justice court in the same county for $92.40, in an action founded on express contract; the issuing and return unsatisfied of an execution from the justice court; the docketing of the judgment in the district court for the same county on January 24, 1883.

The complaint also states that on January 25, 1883, and after the assignment to plaintiff, executions on the two judgments issued from the district court, and were delivered to the proper officer for service, who returned them wholly unsatisfied. That on March 24, 1882, and after he had become indebted upon the causes of action on which the judgments were rendered, the defendant A. Schisselbauer and the defendant Barbara his wife conveyed to defendant Dorman lots 1, 2, 3, 6 and 7 in block 7 in the platted portion of Glencoe in McLeod county and containing more than one acre, with intent to defraud the creditors of the former, and especially the plaintiff; that Dorman took the deed with knowledge of the fraud, and on April 15, 1882, conveyed the same property to defendant Barbara, without any consideration; that both deeds were recorded.

Judgment is demanded that each of the deeds be declared fraudulent and void, and be cancelled of record; that each of the judgments be adjudged to be a lien on the real estate, and that it be adjudged to be subject to levy and sale on execution for the satisfaction of the judgments, with the general prayer for relief.

A demurrer to the complaint as not stating a cause of action was sustained by *Macdonald, J.,* and the plaintiff appealed.

*W. F. Schoregge,* for appellant.

*A. P. Fitch,* for respondent.

The complaint does not state that the judgments were docketed in, or executions issued to, the county where the debtor resided, or that he was ever a resident of Minnesota. Such an averment is essential. Moak's Van Santv. Pl. 318; Wait's Practice, 649; *Child* v. *Bruce,* 4 Paige, 309. If the debtor be a non-resident, or not found, the place of his last residence must be alleged. *Reed* v. *Wheaton,* 7 Paige, 663; *Payne* v. *Sheldon,* 63 Barb. 169. And an averment of total want of property is not enough. *Beardsley Scythe Co.* v. *Foster,* 36 N. Y. 561.

Courts of equity will not interfere where the plaintiff has an adequate remedy at law. *Bolles* v. *Carli,* 12 Minn. 62, (113.) There is no averment that the judgment debtor had not, when this action was begun, property out of which the judgment could be made, this case thus differing from *Rounds* v. *Green,* 29 Minn. 139.

A creditor cannot, by creditor's bill, reach exempt property or its

proceeds unless invested in property not exempt. Moak's Van Santv. Pl. 331; *Andrews* v. *Rowan*, 28 How. Pr. 126. Hence, the necessity of, at least, the averment that the property was not a homestead, or that it would be subject to levy and sale if the deeds were set aside.

MITCHELL, J.[1] There are two classes of cases, both commonly called creditors' suits, which, although closely allied, are clearly distinguishable. The first, a creditor's suit strictly so-called, is where the creditor seeks to satisfy his judgment out of the equitable assets of the debtor, which could not be reached on execution. The general rule is that such an action cannot be brought until the creditor has exhausted his remedy at law by the issue of an execution and its return unsatisfied. This was required because equity would not aid the creditor to collect his debt until the legal assets were exhausted, for, until this was done, he might have an adequate remedy at law. The execution had to be issued to the county *where the debtor resided*, if a resident of the state. Its issue to another county would not suffice. *Reed* v. *Wheaton*, 7 Paige, 663. The second class of cases is where property legally liable to execution has been fraudulently conveyed or incumbered by the debtor, and the creditor brings the action to set aside the conveyance or incumbrance as an obstruction to the enforcement of his lien; for, though the property might be sold on execution notwithstanding the fraudulent conveyance, the creditor will not be required to sell a doubtful or obstructed title. In the latter class of cases, the prevailing doctrine is that it is not necessary to allege that an execution has been returned unsatisfied, or that the debtor has no other property out of which the judgment can be satisfied; for that is not the ground upon which the court of equity assumes to grant relief in such cases, but upon the theory that the fraudulent conveyance is an obstruction which prevents the creditor's lien from being efficiently enforced upon the property. As to him the conveyance is void, and he has a right to have himself placed in the same position as if it had never been made. The fact that other property has been retained by the debtor may be evidence that the conveyance is not fraudulent; but if the grantee's title be tainted

[1] Dickinson, J., because of illness, took no part in this decision.

with fraud, he has no right to say that all other means to satisfy the debt shall be exhausted before he shall be disturbed. *Botsford* v. *Beers,* 11 Conn. 369; *Weightman* v. *Hatch,* 17 Ill. 281; *Vasser* v. *Henderson,* 40 Miss. 519.

There is much conflict of authority as to how far the creditor must first proceed at law. It has been held in some cases that if an execution has not been returned unsatisfied, an execution must be issued and the action brought in aid of an execution then outstanding. Such seems to be the latest view of the courts of New York, after much vacillation and conflict of decision. *Adsit* v. *Butler,* 87 N. Y. 585. But the prevailing and, as we think, on principle, the better rule is that the creditor need only proceed at law far enough to acquire a *lien* upon the property sought to be reached before filing his bill to set aside a fraudulent conveyance. The extent to which he must proceed to do this will depend on the nature of the property. If it be personal, there must be a levy, for until this is made he has no lien. If it be real estate, it is enough to obtain judgment, and docket it in the county where the lands are situated. 1 Am. Lead. Cas. 54, 55; 2 Barb. Ch. Pr. 160; Bump on Fraudulent Conveyances, 523; *Weightman* v. *Hatch, supra; Newman* v. *Willetts,* 52 Ill. 98; *Vasser* v. *Henderson, supra; Dodge* v. *Griswold,* 8 N. H. 425; *Tappan* v. *Evans,* 11 N. H. 311; *Cornell* v. *Radway,* 22 Wis. 260; *Clarkson* v. *De Peyster,* 3 Paige, 320; *Dunham* v. *Cox,* 10 N. J. Eq. 437–466. The lien on the land, and the right to sell it in satisfaction of the debt, is the basis of the right to have the deed set aside.

This was a suit to set aside a fraudulent conveyance of real estate executed by the judgment debtor, and hence falls within the second class. It follows from what has been said that it was not necessary to issue an execution at all before commencing the present action. Hence it is wholly immaterial that it does not appear that it was directed to the county where the debtor resided. In our view the complaint is good.

Order reversed.