MICHAEL MOFFATT *vs.* MOSES G. TUTTLE and Wife.

June 14, 1886.

**Debtor and Creditor—Action to Enforce Trust.**—To entitle a judgment creditor to commence an action to enforce the trust in favor of creditors, created by Gen. St. 1878, c. 43, § 8, where a grant for a valuable consideration is made to one person, and the consideration therefor paid by the judgment debtor, he must have first exhausted his remedies at law.

Appeal by plaintiff from an order of the district court for Washington county, *McCluer,* J., presiding, sustaining a demurrer to the complaint.

*J. N. & I. W. Castle,* for appellant, cited

*Wait* v. *Day,* 4 Denio, 439; *Adsit* v. *Butler,* 87 N. Y. 585; *Wadsworth* v. *Williams,* 100 Mass. 126; *Botsford* v. *Beers,* 11 Conn. 369, 375; *Westerman* v. *Westerman,* 25 Ohio St. 500, 510; *Gray* v. *Chase,* 57 Me. 558, 562; *Gormerly* v. *Chapman,* 51 Geo. 421; *Baker* v. *Lyman,* 53 Geo. 339; *Eigleberger* v. *Kibler,* 1 Hill, Eq. 113, (26 Am. Dec. 192;) *McNew* v. *Smith,* 5 Gratt. 84; *Rice* v. *Perry,* 61 Me. 145; *Vassar* v. *Henderson,* 40 Miss. 519; *Sumner* v. *Sawtelle,* 8 Minn. 272, (309;) *Pratt* v. *Wheeler,* 72 Mass. 520; *Gooch's Case,* 5 Co. 60a; *Austin* v. *Bell,* 20 John. 442, (11 Am. Dec. 297;) *Lowry* v. *Orr,* 1 Gilman, (Ill.) 70; *Marston* v. *Marston,* 54 Me. 476; *Angier* v. *Ash,* 26 N. H. 99; *Scully* v. *Kearns,* 14 La. An. 436; *Gleises* v. *McHatton,* 14 La. An. 560; *Arnot* v. *Beadle,* 1 Hill & D. 181; *Tevis* v. *Doe,* 3 Ind. 129; *Pennington* v. *Clifton,* 11 Ind. 162; *Kimmel* v. *McRight,* 2 Pa. St. 38; *Coleman* v. *Cooke,* 6 Randolph, 618, (18 Am. Dec. 757;) *Cecil Bank* v. *Snively,* 23 Md. 253; *Cutter* v. *Griswold,* Walk. Ch. (Mich.) 437; *Roe* v. *Doe,* 32 Geo. 39; *Godding* v. *Brackett,* 34 Me. 27; *Hunt* v. *Blodgett,* 17 Ill. 583.

*Thompson & Manwaring*, for respondents.

MITCHELL, J. This is an action, brought by a judgment creditor of Moses G. Tuttle, to reach, for the purpose of satisfying his judgment, land conveyed by one Durant to Almeda Tuttle, the consideration therefor being paid by Moses G. Tuttle. In other words, the action is brought to enforce the trust in favor of existing creditors, created by Gen. St. 1878, c. 43, § 8, when a grant for a valuable consideration is made to one person, and the consideration therefor paid by the debtor. The complaint alleges the issuing of an execution, and a levy on the land referred to; but there is no allegation that any execution has ever been returned unsatisfied, or that the judgment debtor is insolvent, or that he has not property subject to execution. We think the court below correctly held this complaint insufficient.

There are two classes of cases where a judgment creditor may come into court for relief, to enable him to obtain satisfaction of his judgment: one where he comes for the purpose of removing some obstruction fraudulently interposed to the enforcement of his lien on property of the debtor legally liable to execution; the other where he seeks to satisfy his judgment out of equitable assets that cannot be reached on execution. In the latter, his right to relief depends upon his having exhausted his legal remedies without being able to obtain satisfaction of his judgment, the evidence of which is the fact that execution has been duly issued and returned unsatisfied; or, perhaps, that the judgment debtor is in fact insolvent, and has no property subject to execution, and hence that the issue of one would be useless. *Beck* v. *Burdett*, 1 Paige, 305, (19 Am. Dec. 436;) *Wadsworth* v. *Schisselbauer*, 32 Minn. 84, (19 N. W. Rep. 390.)

Under our statute of uses and trusts (Gen. St. 1878, c. 43) we think the present case comes within this latter class. By the provisions of section 7, the title of this property vested in Almeda Tuttle, the person named as alienee in the conveyance. The judgment debtor, Moses G. Tuttle, never had any interest in the land, and therefore nothing on which a judgment or execution against him could become a lien. The land is the property of Almeda Tuttle, impressed, however, by the provisions of section 8, with a trust in favor of the

creditors of Moses G. Tuttle, who paid the consideration. The only right plaintiff has to reach this property is under this statute, and the only mode of reaching it is by enforcing this trust. It is obvious that the interest or right secured to creditors by this statute is an equitable one, to be reached and enforced in equity. Hence, under the rule already stated, a creditor's right to this relief depends upon his having exhausted his remedies at law. *Garfield* v. *Hatmaker*, 15 N. Y. 475; Wait, Fraud. Conv. § 57. This rule is, in our judgment, the only one that is logically consistent with the provisions of our statute of uses and trusts, and is the one we think generally accepted by the courts, and acted on by the bar, in this and other states having the same statute. It is also in harmony with the rule laid down by this court in *Wadsworth* v. *Schisselbauer*, 32 Minn. 84, (19 N. W. Rep. 390.)

Order affirmed.