SCHOFIELD v. UTE COAL & COKE CO. et al.

(Circuit Court of Appeals, Eighth Circuit. February 13, 1899.)

No. 1,073.

1. CREDITORS' SUIT—WHEN MAINTAINABLE.

Whenever a creditor has a vested right in or a lien upon property, the enforcement of which is hindered or rendered inadequate by a fraudulent conveyance or incumbrance, he may maintain a suit in equity to remove it, without exhausting his other legal remedies.

2. SAME—GROUNDS OF JURISDICTION — ISSUANCE AND RETURN OF EXECUTION.

When a creditors' bill is exhibited to reach choses in action, equitable interests, or property of a judgment debtor that have been fraudulently conveyed beyond the reach of an execution, equity has jurisdiction to grant relief on the sole ground that the remedy at law is utterly ineffectual to reach or fasten a lien upon property of the debtor; and it has been held that the return of an execution unsatisfied, as proof of this futility, is essential to the maintenance of the suit, though the better rule would seem to be that even in such cases it is not the only method of establishing such fact. But, when the creditor has obtained a judgment which is by statute a lien on real estate of the debtor that has been fraudulently incumbered, the jurisdiction of equity does not rest upon the entire want of a remedy at law, but upon its inadequacy; and the return of an execution unsatisfied is not essential, as it is neither the sole nor the best evidence of this inadequacy.

3. SAME—REMOVAL OF OBSTRUCTION TO ENFORCEMENT OF LIEN—NECESSITY OF LEVY.

Nor is it required in such case that an execution should be levied on the real estate, the statutory lien being a sufficient basis for a suit in equity to remove a fraudulent obstruction to its enforcement.

4. SAME—REMOVAL OF CLOUD ON TITLE.

When a claim to an interest in or lien upon land appears to be valid on the face of the record, and its invalidity can only be made to appear by extrinsic evidence, it constitutes a cloud upon the title, which any one who has a title to or interest in the land, including a judgment creditor having a lien thereon, may invoke the aid of a court of equity to remove.

Appeal from the Circuit Court of the United States for the District of Colorado.

This is an appeal from a decree which sustained demurrers to and dismissed the amended bill of John W. Schofield, as receiver of the Union National Bank of Denver, because the court below held that his bill did not show that the complainant was without an adequate remedy at law. These are the material facts alleged in this bill: On and prior to March 31, 1896, the appellee the Ute Coal & Coke Company, a corporation, was indebted to the receiver of the Union National Bank of Denver on its promissory notes in the sum of $7,700, and the receiver was pressing it for payment. The only property the coal company had was certain real estate in La Plata county, in the state of Colorado, which was worth less than $20,000. Thereupon, on March 31, 1896, the coal company and the appellee O. M. F. Boyle entered into a conspiracy to defraud the receiver out of his credit; and pursuant thereto the coal company made its several promissory notes to the aggregate amount of $20,000, payable to the order of Boyle, and made and recorded a trust deed of all its property to the appellee J. L. Parsons for the pretended purpose of securing these notes. The company was not indebted to Boyle, and the notes and the trust deed were made without consideration, for the purpose of defrauding the receiver of the bank. After these notes to Boyle were made, he assigned one of them to each of the appellees the First National Bank of Alamosa, the First National Bank of Durango, Frank W. Stubbs and Louis C. Jackway, co-partners as Stubbs & Jackway, and Adair

Wilson and Reese McCloskey, co-partners as Wilson & McCloskey; but there was no consideration for these assignments, and each of the appellees took them with knowledge of the purpose for which the notes and deed had been made, and with intent to aid in its accomplishment. On September 4, 1896, the receiver of the Union National Bank recovered a judgment in the court below for $8,112.73 against the coal and coke company upon its promissory notes which he held prior to March 31, 1896, issued an execution thereon, and on July 6, 1897, caused a transcript of his judgment to be properly filed with the register of deeds of La Plata county. The circuit court dismissed the bill because it failed to show that the execution issued upon this judgment had been levied or returned unsatisfied.

William A. Moore (Earl M. Cranston and Robert J. Pitkin, on the brief), for appellant.

Benjamin W. Ritter (Reese McCloskey, on the brief), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Is the levy of an execution, or its return unsatisfied, indispensable to the maintenance of a suit in equity to remove a fraudulent obstruction to the enforcement of the lien of the judgment? Where the remedy at law is adequate, equity takes no jurisdiction. But there are two classes of cases in which a judgment creditor may successfully invoke the aid of a chancellor because his remedy is insufficient. One class includes the cases in which his remedy at law is utterly ineffectual to reach the property of his debtor, or to fasten any lien or claim upon it, as where a creditors' bill is exhibited to reach choses in action, equitable interests, or property of the judgment debtor that has been fraudulently conveyed beyond the reach of the judgment and execution. The other class embraces those cases in which the creditor has secured a lien or right at law, the enforcement of which is obstructed by some fraudulent conveyance or incumbrance. In the former class the utter failure of the remedy at law is the sole ground of the jurisdiction in equity, and hence it is. that it has sometimes been held that the return of an execution unsatisfied, as proof of this futility, was essential to the maintenance of the suit (Scott v. Neely, 140 U. S. 106, 114, 11 Sup. Ct. 712; Cates v. Allen, 149 U. S. 451, 458, 13 Sup. Ct. 883, 977; Hollins v. Iron Co., 150 U. S. 371, 386, 14 Sup. Ct. 127), although the better rule would seem to be that this is not the only method of establishing this fact even in this class of cases (Case v. Beauregard, 101 U. S. 688, 690; Darragh v. H. Wetter Mfg. Co., 49 U. S. App. 1, 23 C. C. A. 609, 617, and 78 Fed. 7; Turner v. Adams, 46 Mo. 95; Postlewait v. Howes, 3 Iowa, 365; Bank v. Harvey, 16 Iowa, 141; Botsford v. Beers, 11 Conn. 369). In the second class of cases to which we have adverted, however, the lien or vested right in the property, and the fraudulent obstruction to the adequate enforcement of this lien or right, are the only essentials to the jurisdiction of a court of equity. Equity relieves, not, as in the former class, because the remedy at law has created no lien and has no effect, but because the enforcement of the lien secured by the legal remedy is rendered so much less efficient by the fraudulent obstruction that it is inadequate. It.

is the inadequacy, and not the utter futility, of the remedy at law, which conditions the jurisdiction in this class of cases; and the return of an execution unsatisfied is neither the sole nor the best evidence of this inadequacy. In many cases this inadequacy cannot be shown at all by the return of the execution, because it is possible to levy the same upon the property upon which the lien is fastened, and to sell this property thereunder, notwithstanding the fraudulent incumbrance or conveyance. The difficulty is that the fraudulent mortgage, trust deed, or other obstruction compels the purchaser under the execution to buy a lawsuit, and so depreciates the value of the property at the sale that the creditor's remedy is rendered insufficient, and sometimes without any practical value. In such a case he is not required to proceed with this sale, and thus sacrifice both his own interest and that of his debtor, but he may successfully appeal to equity to remove the fraudulent obstruction before he proceeds to the sale. Bank v. Newton, 13 Colo. 249, 250, 22 Pac. 444, and cases there cited. Moreover, the inadequacy of the remedy is generally measured by the value of the property upon which the lien has attached or in which the right is vested, and the depreciation in the value of this lien or right caused by the fraudulent obstruction. The issue and return of an execution unsatisfied have no tendency to establish either of these facts. It would be a mere form, which neither law nor equity would require. Whenever a creditor has a vested right in or a lien upon property, the enforcement of which is hindered or rendered inadequate by a fraudulent conveyance or incumbrance, he may maintain a suit in equity to remove it, without showing an execution or return of it unsatisfied, or without exhausting his other legal remedies. Case v. Beauregard, 101 U. S. 688, 690, 691; McCalmont v. Lawrence, 1 Blatchf. 232, 15 Fed. Cas. 1249 (No. 8,676); Kittel v. Railroad Co., 65 Fed. 862; Tappan v. Evans, 11 N. H. 311; Wadsworth v. Schisselbauer, 32 Minn. 84, 87, 19 N. W. 390; Bank v. Newton, 13 Colo. 245, 249, 250, 22 Pac. 444; Loving v. Pairo, 10 Iowa, 282, 289; Cornell v. Radway, 22 Wis. 260; Beck v. Burdett, 1 Paige, Ch. 305, 308; Clarkson v. De Peyster, 3 Paige, Ch. 320; Newman v. Willetts, 52 Ill. 98.

The case in hand falls within the latter class of cases, in which a judgment creditor may successfully invoke the aid of a court of equity. The filing of the transcript of the judgment in La Plata county fastened a lien securing its payment upon the interest of the coal and coke company in its real estate in that county, under the statutes of Colorado. Mills' Ann. St. Colo. §§ 2529, 2530, 2531, 4185 (5); Stephens v. Clay, 17 Colo. 489, 491, 30 Pac. 43; Bank v. Newton, 13 Colo. 249, 250, 22 Pac. 444. The argument that this lien was insufficient upon which to base a suit in equity to remove the fraudulent trust deed, because it was a general lien created under the statutes, and not a specific lien fixed by the levy of an execution, finds no support in the authorities, and fails to appeal to the reason with persuasive force. There are, indeed, opinions in which it is pertinently said, as in Jones v. Green, 1 Wall. 330, that a right of a judgment creditor rests upon the fact that the execution has been

issued, and a specific lien has been acquired upon the property of the debtor by its levy. That is a true statement where the lien which the creditor seeks to enforce is acquired by such a levy, but no case has been called to our attention in which it has been held that it was necessary to issue an execution and make a levy which would create no lien before a suit could be maintained to remove a fraudulent obstruction to the enforcement of a lien already created without the levy. Under the statutes of Colorado, and under those of many other states, the lien of a judgment attaches to the real estate of the debtor when the judgment, or a transcript of it, is recorded or filed in the proper office in the county where the land is situated. The issue, levy, and return of an execution without the collection and payment of any part of the judgment neither increase nor diminish the force and efficacy of that lien. In the case at bar all the property which the judgment debtor has is real estate in La Plata county. The judgment is a lien upon all this property. The levy of an execution upon it could not make this lien more specific or more efficient, and the conclusion is irresistible that the general lien upon real estate created by entering a judgment or filing a transcript of it in the county where the lands of the debtor are situated, in accordance with the statutes which provide therefor, is a sufficient basis for the maintenance of a suit in equity to remove a fraudulent obstruction to the enforcement of that lien. Bump, Fraud. Conv. 535; Black, Judgm. § 400.

According to the averments of the bill, the property upon which the receiver has fastened his lien is the only property of his debtor. It is not worth $20,000, and the appellees made and recorded a trust deed upon it before the receiver obtained his lien, by which the debtor apparently incumbered his title to secure an indebtedness of $20,000. The debtor, however, did not owe this debt, and the trust deed and the notes it apparently secured were made and taken for the purpose of hindering and defrauding the receiver in the collection of the debt evidenced by his judgment. These allegations are admitted by the demurrers, and they make a perfect case for the avoidance of the deed, and the removal of the cloud which it creates upon the title. The issue and levy or the issue and return unsatisfied of an execution would have added nothing and taken nothing away from the conclusive effect of these admissions. It would not have established a stronger and more effective lien than that fixed upon the land under the statute. It would not have shown more clearly the inadequacy of the receiver's remedy at law, or the inequity of the fraudulent trust deed which he seeks to remove. It would have been nothing but an idle and meaningless ceremony, whose performance neither courts of law nor courts of equity require. When a claim to an interest in or lien upon land appears to be valid upon the face of the record, and its invalidity can only be made to appear by extrinsic evidence, it constitutes a cloud upon the title, which any one who has a title to or interest in the land may invoke the aid of a court of equity to remove. Ormsby v. Ottman, 56 U. S. App. 510, 29 C. C. A. 295, 302, and 85 Fed. 492, 499; Crooke v. Andrews, 40 N. Y. 547; Corey v.

Schuster, 44 Neb. 269, 273, 62 N. W. 470; Lick v. Ray, 43 Cal. 83. The decree below is reversed, and the case is remanded to the court below for further proceedings not inconsistent with the views ex·pressed in this opinion.