## WESLEY KEITH and Another v. EMMA J. KEITH.[1]

August 26, 1910.

Nos. 16,709—(229).

**Answer good against demurrer.**

In an action in the nature of a creditor's bill brought to subject to the lien of a judgment lands owned by one not a judgment debtor, an answer alleging that the judgment debtor has property which is or can be made available to the payment of the judgment states a defense, and is not demurrable.

Action in the district court for Lyon county in behalf of plaintiff and all other creditors entitled to become parties to the action, to have defendant apply toward the payment of plaintiff's judgment against Wesley Keith dated July 12, 1892, the real estate awarded to defendant in the partition proceedings mentioned in the opinion, to sell the property and apply the proceeds toward the payment of the judgment, to enjoin defendant from selling or encumbering or otherwise disposing of the property. Defendant answered and M. E. Mathews intervened and answered the complaint. The plaintiff having died, Wesley Keith and E. D. Reynolds, as administrators of the estate of plaintiff, were substituted as plaintiffs. Thereupon the defendant and the intervener served their supplemental answer to the complaint. The substance of this answer is stated in the opinion. From an order, Powers, J., sustaining a demurrer to the supplemental answer, defendant and intervener appealed. Reversed.

*Korns & Johnson* and *Mathews & Lende,* for appellants.
*Somerville & Hauser* and *E. D. Reynolds,* for respondents.

O'BRIEN, J.

Appeal from an order sustaining a demurrer to a supplemental answer.

Prior to January 31, 1893, Wesley and Emma J. Keith were hus-

[1]Reported in 127 N. W. 567.

band and wife. On June 11, 1891, the husband, without being joined by his wife, conveyed all of his real estate to Lewis Keith and Luther Keith; Lewis was Wesley's father. Luther in turn conveyed all of his interest to Lewis, who subsequently conveyed separate portions, amounting in the aggregate to all of the land, to other persons. On July 12, 1892, Lewis Keith obtained judgment against his son Wesley for a large sum. On January 31, 1893, a decree of divorce from her husband upon the ground of adultery was granted Emma J. Keith, and thereafter she commenced separate actions in partition against each grantee, to whom Lewis Keith had conveyed portions of real estate owned by her husband. In each action she had a judgment declaring her to be the owner of an undivided one-third of the real estate involved, and each judgment was upon appeal affirmed by this court. Keith v. Mellenthin, 92 Minn. 527, 100 N. W. 366, 104 Am. St. 679. On January 30, 1903, Lewis Keith obtained judgment against Wesley Keith in an action based upon the original judgment entered July 12, 1892, the same having never been paid or satisfied. This is an action in the nature of a creditor's bill commenced by Lewis Keith during his lifetime to subject to the lien of the judgment of January 30, 1903, the real estate so decreed to Emma J. Keith. The complaint was filed December 7, 1904.

Defendant answered, and M. E. Mathews intervened and interposed an answer claiming to be the owner of one-half the real estate under a conveyance from Emma J. Keith. Before a trial of the action was had the plaintiff died. E. D. Reynolds and Wesley Keith, the latter the judgment debtor and who was the former husband of defendant, were as administrators of the estate of Lewis Keith substituted as plaintiffs. Thereafter the defendant and the intervener exhibited the supplemental answer, a demurrer to which was sustained.

The answer demurred to alleged the death of Lewis Keith, intestate, in the state of Illinois, where it was alleged he was then a resident, and the appointment of Wesley Keith and E. D. Reynolds as administrators of his estate, which was alleged to be in process of administration in Illinois. The statutes of Illinois were set out,

and under them it was alleged that Wesley Keith as one of the heirs of his father became seised and possessed of interests in real estate of great value, and as such heir was entitled to share in a large amount of personal property belonging to the estate; and it was further alleged that the share of the estate of said Lewis Keith to which Wesley Keith was entitled was subject to the payment of the judgment, and was more than sufficient to pay the same, but that, for the purpose of preventing its collection from that source, the administrators had omitted the judgment from the inventory of the estate and neglected to institute any legal or other proceedings in the state of Illinois or elsewhere to collect the judgment from Wesley Keith.

1. It is correctly claimed by appellants that the demurrer brings up for review the entire record, and that the sufficiency of the complaint in the action may be inquired into. Brandon v. McLaughlin, 109 Minn. 244, 123 N. W. 808. It is at least very doubtful whether the complaint states a cause of action. If it be conceded that the lands decreed to defendant were at that time subject to a just proportion of her husband's indebtedness, which apparently consisted of the judgment entered in 1892, and that they were then subject to the lien of that judgment, it does not necessarily follow that the lien of the second judgment ever attached to such land; nor have we been able to find in the complaint any allegation that Lewis Keith, who conveyed all of his interest in the lands, was ever compelled to or did reimburse his grantees because of any failure of the title he conveyed.

It may be well doubted whether a court of equity would, under all the circumstances of this case, construe the complaint as stating a cause of action, as it would hardly be equitable to decree a lien upon the land in Lewis Keith's favor after he had received the benefit of a sale. Again, if the second judgment is not a specific lien upon the real estate there would be great force in the claim that the action is barred by the statute of limitations, or at least that the claim is so stale that a court of equity would not enforce it. However, in the view we take of the question which is directly before us, it is not necessary to determine these contentions, and inasmuch as a conclusion reached upon a full disclosure of all the facts will be much more

satisfactory, we have determined to refrain from expressing any final opinion as to the sufficiency of the complaint.

2. We have no doubt that the supplemental answer well pleads proper matters of defense. The question before us may be thus summarized: The defendant by the decree of the courts of this state is the owner of certain lands once owned by her former husband, who now as coplaintiff in his capacity as one of the administrators of his father's estate, appointed by a foreign court, seeks to subject those lands to the lien of a judgment entered in favor of his father and against himself. Thus, one of the plaintiffs is primarily liable upon the judgment, while the defendant's land is only subject to the lien of the judgment when it appears it cannot be collected from the judgment debtor. The answer alleges in effect that the plaintiffs have in their possession and under their control, as such administrators, property belonging to the original debtor and applicable to the payment of the judgment. If this is true, resort must first be had to such property before this action can be maintained. 12 Cyc. 5, et seq., Moffatt v. Tuttle, 35 Minn. 301, 28 N. W. 509; Wadsworth v. Schisselbauer, 32 Minn. 84, 19 N. W. 390.

The answer contains other allegations which we consider proper matters of defense, certainly so upon demurrer, and we conclude the demurrer should have been overruled.

Order reversed.