## No. 12,996.

GREENE ET AL. *v.* WILSON ET AL.

(11 P. [2d] 225)

Decided April 25, 1932.

Mr. HENRY HOWARD, for plaintiffs in error.

No appearance for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

T. E. GREENE and A. B. Williams sued J. W. Wilson

and Ena P. Wilson, his wife. To a judgment dismissing their suit, the plaintiffs sued out this writ.

The plaintiffs obtained a money judgment against J. W. Wilson on a promissory note, and filed a transcript thereof with the clerk and recorder of Larimer county. The sheriff returned the execution ''No property found,'' and certified that when payment was demanded of him Wilson stated that he had no money or property with which to pay. Thereafter the plaintiffs sued Wilson and his wife to set aside, as voluntary and fraudulent, Wilson's deed conveying to his wife a city lot in Fort Collins. As one of their defenses the defendants pleaded that the note upon which the plaintiffs obtained their judgment was secured by a deed of trust of certain farm land worth $1,600 in excess of the amount due the plaintiffs. A motion to strike this defense was denied, and a demurrer thereto was overruled. In their replication the plaintiffs pleaded that on March 26, 1931, they commenced proceedings to obtain a foreclosure by the public trustee, and that on May 1, 1931, which was after the filing of the answer, the plaintiffs purchased the farm land for $700 at the public trustee's foreclosure sale, and that the amount bid was credited upon the judgment, leaving a balance of $135.50 due and unpaid. The court sustained a demurrer to the replication, whereupon the plaintiffs tendered and asked leave to file a supplemental complaint setting forth the same matters. Leave to file was denied, with permission to the plaintiffs to file a motion to dismiss without prejudice. Such a motion was thereupon filed. It was denied, however, and the court dismissed the suit, which, under our rule 5, was a dismissal with prejudice.

We gather from the record that the trial court held that the plaintiffs were not entitled to maintain their suit to set aside the Wilson conveyance on the ground of fraud because they had not, before commencing the suit, exhausted their trust deed security. In our opinion, this was a mistake. In this state a mortgagee of land may sue on the note alone, or sue to foreclose alone, or join both

proceedings in one. *Folda Real Estate Co. v. Jacobsen,* 75 Colo. 16, 223 Pac. 748. Having obtained a money judgment on the note, he is entitled to execution, and he may collect his judgment in the same manner as any other judgment creditor may collect his judgment. If, by levy or otherwise, he collects the entire amount, the judgment is satisfied in full, and there can be no foreclosure. If he collects only a part of the judgment out of property other than the mortgaged property, the judgment is satisfied to that extent only, and he may foreclose his mortgage for the balance remaining unpaid. If he has acquired a lien upon other property by filing a transcript of the judgment, he may sue to remove any obstruction to the enforcement of his judgment lien. He may sue to set aside a fraudulent conveyance, by the judgment debtor, of property to which the judgment lien has attached, and the judgment creditor need not first exhaust his mortgage security. In such a case he has two liens, and it is for him to determine which he will enforce first. *Allen v. Pierce,* 163 Ala. 612, 50 So. 924; *Patton v. Bragg,* 113 Mo. 595, 20 S. W. 1059; *Robinson v. Springfield Co.,* 21 Fla. 203; *Tucker v. McDonald,* 105 Mass. 423; *Schofield v. Ute Coal & Coke Co.,* 34 C. C. A. 334, 92 Fed. 269. That he need not first exhaust his remedy at law, see cases cited above and *Chalupa v. Preston,* 65 Colo. 400, 177 Pac. 965; *Stephens v. Parvin,* 33 Colo. 60, 62, 78 Pac. 688.

■ The plaintiffs in the present case acquired a judgment lien upon the city lot by filing a transcript with the county clerk and recorder. *Chalupa v. Preston, supra.* They had the right to levy execution upon the city lot, purchase at the sale and then sue to set aside the Wilson conveyance, or to sue to set aside that conveyance before selling under execution sale. *Chalupa v. Preston, supra.* The fact that the amount of the judgment has been reduced by crediting the amount paid on the foreclosure sale of the land has the effect, of course, of lessening, by so much, the amount that the plaintiffs would be entitled

to collect by execution sale of the city lot, if they should succeed in setting aside the Wilson conveyance.

Our conclusion is that the trial court erred in holding that the plaintiffs were out of court because they had not exhausted their trust deed security before commencing suit.

The judgment is reversed, and the cause is remanded for further proceedings in harmony with this opinion.

Mr. Chief Justice Adams and Mr. Justice Moore concur.