In the Matter of the ESTATE of Jack BUGDANOWITZ, Deceased.

The STATE of Colorado INHERITANCE AND GIFT TAX DIVISION, Appellee,

v.

Richard S. BUGDANOWITZ and Ruth D. Toltz, Co-Personal Representatives-Appellants.

No. 79CA0748.

Colorado Court of Appeals, Div. I.

May 29, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Howard Kenison, Asst. Atty. Gen., Denver, for appellee.

Ellis J. Sobol, Marc A. Chorney, Denver, for co-personal representatives-appellants.

SMITH, Judge.

The co-personal representatives of decedent Jack Bugdanowitz appeal from a judgment confirming the assessment of inheritance taxes. The effect of the Probate Court's order is to deny a deduction for inheritance tax purposes for a debt concerning which the decedent assumed personal

liability, and which debt was further secured by a lien upon property located outside of Colorado. We remand with directions.

In May 1975, decedent purchased a one-fourth interest in real property located in Texas. The purchase price of the property was $1,400,205. This was paid, in part, out of the proceeds of a loan in the amount of $1,145,000, obtained from the American National Bank of Denver. Although the debt was secured by a mortgage on the property in favor of the bank, decedent, by signing the note, assumed personal liability for the full amount of the obligation.

On October 26, 1975, decedent died. Because the decedent owned property in Texas, inheritance taxes were assessed there as well as in Colorado.

■ Texas law permits the estate of a non-resident decedent to deduct a portion of the total deductions available to the estate from the value of decedent's property located in Texas. Tex. Tax-Gen.Ann. art. 14.-07(1) and (2) (Vernon). Under this statute, then, Texas allowed decedent's estate a deduction against the Texas tax for part of the encumbrance against the land. The estate asserts, however, that it is likewise entitled to a deduction in Colorado for the amount of the debt of the decedent arising out of the purchase of the Texas property.

## I.

■ Central to the resolution of this dispute is § 39–23–114, C.R.S.1973 (1979 Cum.Supp.) which states in pertinent part:

"(1)(a) In determining the value of property transferred, the following deductions and no others shall be allowed from the full and fair market value of the property to which the transfer relates:

(I) Debts of the transferor, unless otherwise charged against the proceeds of insurance . . . .

(II) Liens on real estate and personal property within this state which at the date of the transferor's death were unpaid, in the proportion such property is deemed a transfer from the decedent under this article . . . ."

The co-personal representatives assert that because decedent's obligation on the note is personal, it is a "debt" deductible under § 39–23–114(1)(a)(I), C.R.S.1973 (1979 Cum.Supp.) (emphasis supplied). The Department of Revenue, however, asserts that this is not an allowable deduction under subparagraph (I) because subparagraph (II) of that statute provides the exclusive deduction for liens relative to real property. We agree with the position taken by the estate, but remand for further proceedings.

We conclude that § 39–23–114, C.R.S.1973 (1979 Cum.Supp.) was intended to insure that only the net assets distributed from decedent's estate were taxed. Under subparagraph (I) any debt, except as qualified within that subparagraph, for which the decedent was personally liable, and which has been asserted against his estate within the time limitations of § 15–12–803, C.R.S. 1973 (1979 Cum.Supp.) is deductible. In essence, subparagraph (I) acknowledges the fact that once valid claims have been asserted against the estate, and thus must be paid by the estate, the transferable assets of the estate have been reduced.

Subparagraph (II) addresses the manner of determining the value of decedent's interest in tangible, real, or personal property. Because property, whether real or tangible personal, is only subject to the tax if its actual situs is within Colorado, § 39–23–104, C.R.S.1973 (1979 Cum.Supp), the above subparagraph (II) permits a deduction only for liens on property which is located within Colorado. A lien may or may not represent a debt of decedent. In any event, it is a charge against specific property which reduces its value to decedent and thus to his heirs or devisees. The deduction under subparagraph (II) is permitted only in proportion to the decedent's actual ownership in the property, assuming he is not the sole owner. The effect of the deduction allowed by subparagraph (II) is to insure that only the value of decedent's actual equity in real estate and tangible personal property located in Colorado is taxed.

When a lien against property represents security for payment of a note, the creditor has the option of either proceeding directly against the debtor on the note, or of seeking recourse against the property. *Greene v. Wilson*, 90 Colo. 562, 11 P.2d 225 (1932). In the event debtor is deceased, the filing and allowance of a claim in the decedent's estate based upon the note is analogous to the filing of suit and the obtaining of judgment upon the note. When a creditor elects to proceed in this way, he has chosen to substitute the judgment or the allowed claim for the right to proceed against the property. In the estate context, an allowed claim is a charge against all of the decedent's property reducing the value of that property to heirs and potential distributees. The debtor has relinquished the lien on, or right to charge, a specific piece of property in favor of a general charge against all the assets of the estate, insofar as they are sufficient to satisfy the claim. *Greene, supra.* Thus, if a creditor of a deceased debtor elects to pursue his rights under the debt instrument, and the estate honors the claim, the effect for taxation purposes is to extinguish the previously existing lien, thus removing any deduction which might have been allowed under subparagraph (II). The debt having then become a general charge against all of the estate assets will be allowed under subparagraph (I). There is therefore no double deduction.

In the instant case, therefore, the estate is entitled to a deduction for the decedent's liability on the note, pursuant to § 39–23–114(1)(a)(I), C.R.S.1973 (1979 Cum. Supp.), provided that a valid claim has been asserted pursuant to § 15–12–803, C.R.S. 1973 (1979 Cum.Supp.) which the estate is required to honor. *People ex rel. Dunbar v. Mason*, 144 Colo. 151, 355 P.2d 257 (1960) (interpreting a predecessor statute). If there has been no valid claim asserted against the estate, the property not being located within Colorado, the debt may not be deducted. Section 39–23–114(1)(a)(II), C.R.S.1973 (1979 Cum.Supp.).

Here, the findings do not reveal whether the loan has become a debt of decedent enforceable against his estate, and the documents evidencing the loan and its status have not been certified to this court. Therefore, we cannot determine whether a deduction for the loan would be proper. For this reason we must remand this matter for a determination of whether the loan constitutes a debt which the estate is responsible to pay. *Murray v. Rock*, 147 Colo. 561, 364 P.2d 393 (1961).

## II.

To the extent that a deduction is permitted, such deduction need not be, as the Department of Revenue asserts, reduced by the deduction taken for that same obligation in determining the Texas tax. There is no statutory or case authority requiring any reduction in the Colorado deduction by virtue of offsets of deductions previously taken in other states under their taxing laws. Because inheritance and succession tax statutes must be construed against the taxing power, *People v. Elliff*, 74 Colo. 81, 219 P. 224 (1923), we conclude that if the deduction is permitted, it shall be permitted notwithstanding the fact that a partial deduction previously was granted by Texas in assessing its tax. Although we acknowledge the Revenue Department's argument that permitting a deduction in Colorado after one has already been allowed in Texas may not be sound from an economic standpoint, our statutes must be construed as written.

We have considered other arguments raised by the Department of Revenue, and we find them to be without merit.

The cause is remanded with directions to make the determination herein referred to and then for the entry of an appropriate order.

COYTE and KELLY, JJ., concur.