Jay P. GALE, E. Eula Gale, Maleroy B. Gale and Beverly J. Gale, Plaintiffs-Appellees,

v.

David K. RICE, Jr., Defendant-Appellant.

No. 80CA0755.

Colorado Court of Appeals, Div. II.

April 23, 1981.

Rehearing Denied May 21, 1981.

Certiorari Denied Nov. 23, 1981.

S. Morris Lubow, Northglenn, for plaintiffs-appellees.

Abelman & Abelman, Robert C. Abelman, Denver, for defendant-appellant.

VAN CISE, Judge.

Defendant, David K. Rice, Jr., appeals the denial of his motion to set aside a sheriff's sale or to enter a satisfaction of judgment and to stay collection proceedings. We affirm.

A judgment in the amount of $755,259.69 plus costs was entered in this action in favor of plaintiffs, the Gales, primarily for defendant's default on a note executed in connection with his purchase of a large tract of land in Grand County from plaintiffs. The note was secured by a deed of trust on the property, but plaintiffs elected to sue on the note and not to seek foreclosure on the deed of trust.

After judgment, plaintiffs obtained a writ of execution, and, pursuant thereto, the sheriff of Grand County levied upon the aforementioned tract of land. After statutory notice to defendant, § 38–39–102(6), C.R.S.1973 (1980 Cum.Supp.), the sheriff conducted a sale, at which plaintiffs submitted the highest and only bid, $350,000. Thereafter, plaintiffs obtained a sheriff's deed conveying to them all of defendant's interest in that property, and leaving a deficiency in the judgment against defendant in an amount in excess of $400,000.

Five and one-half months after the sale and three months after the expiration of the statutory redemption period, see § 38–39–102(1), C.R.S.1973 (1980 Cum.Supp.), defendant filed a motion asking the court that entered the judgment: (1) to set aside the sheriff's sale, on the basis that the selling price was unreasonably low and that the absence of other bidders may have resulted from a cloud on the title caused by the unreleased deed of trust; (2) as an alternative to (1) above, to enter a satisfaction of judgment on the basis that plaintiffs had already levied on and acquired property of defendant having a fair market value in excess of the amount of the judgment; and (3) to stay all further proceedings by plaintiffs to collect the judgment. Each side presented a memorandum brief in support of or in opposition to the motion. There was no evidentiary hearing, nor is there anything in the record to show that such a hearing was asked for. The court merely reviewed the file, including the motion, the response, and the memoranda, and denied the motion on various grounds.

## I.

■ Defendant asserts that the "crux of this appeal" is the erroneous conclusion of the trial court that it "does not have continuing supervision over a judicially ordered sale as was expressly reserved in *Chew v. Acacia Mutual Life Insurance Co.*, 165 Colo. 43 [437 P.2d 339] (1968)." In the instant case there was no "judicially ordered sale" and no express reservation of jurisdiction. However, we agree with defendant that if "the totality of circumstances demonstrates that a sale has resulted in an unconscionable condition which is shocking to the conscience of the court, it is within the equitable powers of the court to remedy the condition." *Tekai Corp. v. Transamerica Title Insurance Co.*, 39 Colo.App. 528, 571 P.2d 321 (1977). *See Chew, supra; Handy v. Rogers*, 143 Colo. 1, 351 P.2d 819 (1960).

■ "[O]rdinarily, inadequacy of the price paid is not sufficient cause, standing alone, for setting aside of a judicial sale." *Chew, supra; Tekai, supra.* The debtor's right to redeem generally provides an adequate remedy to safeguard him against an inadequate sale price. Also, here, defendant took no action to protect his interest in the property until after the sale had been held, the redemption period had expired, and the sheriff's deed had been issued, and after plaintiffs had commenced further proceedings to collect the balance due on their judgment. *See Moreland v. Marwich, Ltd.*, Colo.App., 629 P.2d 1095 (1981). And, al-

though defendant alleged that plaintiffs' actions were deliberately undertaken to subject him to a large deficiency, those allegations were not supported by evidence, which it was his burden to produce. *Cf. Chew, supra.*

█ The holder of a note secured by a deed of trust may, upon default, commence an action for a money judgment on the note itself or for foreclosure of the property given as security in the deed of trust or may bring an action for foreclosure and for a deficiency judgment. *Foothills Holding Corp. v. Tulsa Rig, Reel & Manufacturing Co.,* 155 Colo. 232, 393 P.2d 749 (1964). Plaintiffs did not act improperly in obtaining judgment on the note and executing on the property. *See Greene v. Wilson,* 90 Colo. 562, 11 P.2d 225 (1932).

█ On the showing made by defendant, we see no "unconscionable condition" dictating remedial action. The trial court did not abuse its discretion in declining to exercise its equitable powers to set aside the sale or take other action.

## II.

In declining to enter a satisfaction of judgment as requested in defendant's motion, the court determined that it did not have the power to do so because satisfaction in fact was not claimed "otherwise than upon execution." C.R.C.P. 58(b). *Cf. Osborn Hardware Co. v. Colorado Corp.,* 32 Colo.App. 254, 510 P.2d 461 (1973). We agree.

█ Satisfaction in whole or in part of a money judgment may be entered upon the return of the execution. C.R.C.P. 58(b). However, in the absence of a defect justifying setting an execution sale aside, and there was none here, a levy and sale under an execution constitutes a satisfaction only to the extent of the proceeds of the sale. *Cf. Clawson v. Moesser,* 535 P.2d 77 (Utah 1975). Therefore, the trial court properly declined to enter a satisfaction of judgment in full, as requested by defendant.

## III.

In view of our affirmance of the trial court's refusal to set aside the sale or to satisfy the judgment in full, we need not address defendant's contention that the trial court should have entered a stay of all proceedings pertaining to the judgment pending confirmation of a new sheriff's sale.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.