**Allen BRAKEMEIER, et al., Appellants,**

v.

**John A. WITTEK, Respondent.**

No. C2-85-2142.

Court of Appeals of Minnesota.

May 6, 1986.

Bradley W. Solheim, Waconia, for appellants.

Peter I. Orlins, Orlins and Brainerd, Richfield, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Allen and Joyce Brakemeier appeal from a judgment for respondent John Wittek and contend the trial court erred in concluding execution must be returned unsatisfied as a prerequisite for a creditor to bring suit on a debtor's equitable assets. We affirm.

## FACTS

The Brakemeiers, judgment creditors of Howard Padratzik, brought this action against Wittek to collect on a promissory note from Wittek to Padratzik.

On August 10, 1978, Padratzik loaned Wittek $15,000. In return, Wittek gave Padratzik a promissory note for $15,000 (due February 7, 1979); a security agreement; 112 shares of First Bank System stock; 399 shares of Pentair, Inc. stock;

and signed powers of sale for the stock. Wittek sold the 112 shares of First Bank Systems stock for $4,396 on July 11, 1979 and paid the proceeds to Padratzik on the note. Wittek has not seen Padratzik since October 1979 and claims Padratzik owes him significantly more than the balance due on the note.

The Brakemeiers loaned Padratzik a total of $47,000 in March and April of 1982 for which Padratzik signed two promissory notes. Part of the "security" for Padratzik's notes was Wittek's promissory note, which was not indorsed by Padratzik. Padratzik made a $10,000 payment on his notes before he disappeared.

The Brakemeiers obtained a default judgment against Padratzik for $37,000 plus interest and then sued Wittek as "judgment creditors of payee Howard S. Padratzik."

The trial court ordered judgment for Wittek with the following memorandum:

> The procedures for the equitable action of a creditor's suit seem not to have been followed. A creditor's suit to reach the debtor's equitable assets is not available unless a plaintiff has exhausted his legal remedies by recovering a judgment and having the execution returned unsatisfied. *Lind v. O.N. Johnson Co.,* [1938] (1939) 204 Minn. 30, 282 N.W. 661. The evidence does not disclose that an execution has been returned unsatisfied. The plaintiffs have therefore not exhausted their legal remedies.

## ISSUES

Did the trial court err in determining execution must be returned unsatisfied before a creditor may bring an action on a debtor's equitable assets?

## ANALYSIS

Because the Brakemeiers made no motion for a new trial, our review is limited to the issues of whether the evidence sustains the findings of fact and whether the findings of fact sustain the conclusions of law. *Johnsrud v. Tri-State Sales, Inc.,* 353

N.W.2d 255, 257 (Minn.Ct.App.1984). The Brakemeiers have not challenged any factual findings; therefore, we need only address the trial court's determination that the Brakemeiers did not satisfy the prerequisites for a creditor's suit.

A creditor's suit is an equitable action to satisfy a judgment "out of the equitable assets of the debtor which could not be reached on execution." *Wadsworth v. Schisselbaur*, 32 Minn. 84, 86, 19 N.W. 390, 390 (1884). A creditor's suit is "in essence an equitable execution comparable to proceedings supplementary to execution." *Pierce v. United States*, 255 U.S. 398, 401–402, 41 S.Ct. 365, 65 L.Ed. 697 (1921) (citation omitted). The general rule in Minnesota is that a creditor is:

> required first to exhaust his remedy at law by the issuance of an execution and its return unsatisfied, for until then the remedy at law had not been shown to be inadequate.

*Lind v. O.N. Johnson Co.*, 204 Minn. 30, 37, 282 N.W. 661, 666 (1938) (citing *Moffatt v. Tuttle*, 35 Minn. 301, 28 N.W. 509 (1886)).

Here the Brakemeiers are the judgment creditors, the debtor is Padratzik, and the equitable asset is Padratzik's right to collect on Wittek's promissory note. The trial court was correct in concluding that the Brakemeiers could not recover from Wittek because they did not present any evidence that execution was returned unsatisfied.

## DECISION

The trial court did not err in ordering judgment for respondent in a creditor's suit where appellants did not exhaust their legal remedies by having execution returned unsatisfied.

Affirmed.