## SUPREME COURT.

JAMES H. BYRON agt. THE MAYOR, ALDERMEN AND COMMON-ALTY OF THE CITY OF NEW YORK, EDWARD FREEL and JOHN McNAMEE.

*Right to personal judgment under chapter* 315, *Laws of* 1878.

In an action brought to foreclose a lien, filed against a fund in the possession of the mayor, etc., of New York, on account of a contract made by them for public work in said city, the court has power under the act of 1878 (*Laws of* 1878, *chapter* 315), to render a *personal judgment* against the original debtor for the amount due from him in excess of the amount for which a lien has been established.

Where the lien is established to a certain amount, in such a case a *personal judgment* can be rendered in favor of the plaintiff against the contractor for the full amount due from him.

*Special Term, February,* 1880.

THIS is an action brought to foreclose a lien filed against a fund in the possession of the defendant, The Mayor, Aldermen and Commonalty of the City of New York, due and to grow due on account of a contract made by the said defendant for the construction of an arch in Forty-second street, New York.

The fund now amounts to $1,300. The contract is in course of construction and other sums may become due. The lien is filed for materials furnished by the plaintiff for use on

this contract amounting in the aggregate to $1,114.29. It is admitted that the city contract was made in the name of Freel alone, but that the parties interested were the firm of Freel and McNamee. It is not disputed that the plaintiff's contract was made with both defendants. No question of pleading was raised on either side. The defendant, The Mayor, Aldermen and Commonalty of the City of New York, admits the possession of $1,300 and offers no evidence. The lien was filed and the proceeding brought under Laws of 1878, chapter 315, entitled, "An act to secure the payment of laborers, traders and persons furnishing materials toward the performance of any public work in the cities of the state of New York."

*L. L. Kellogg*, for plaintiff, argued: I. No question can be raised as to the validity of the lien. It contains all the requisites of the statutes. It states correctly that the contract of the plaintiff was made with Freel and McNamee. The fact that it states that the city contract was with both Freel and McNamee is immaterial. The end of section 2 provides, " but no variance as to the name of the contractor shall affect the validity of the said claim or lien." II. All the materials were bought for use in this work. All the materials, however, have not yet been used in the work. As to the material used in the work the plaintiff is entitled to a judgment against the city, and to a personal judgment against the defendants Freel and McNamee. As to the materials not yet used the plaintiff is entitled solely to a personal judgment against the defendants Freel and McNamee. (*a.*) Inasmuch as this court acquired jurisdiction in this action, by reason of the validity of the lien as to the portion of the materials actually used in the work, it will retain jurisdiction for the purpose of rendering a personal judgment for the balance up to the amount claimed in the lien. This is well settled law (*Guernsey's Lien Law, page* 127, *section* 127; *McGraw* agt. *Godfrey*, 14 *Abb.* [*N. S.*], 402; *Hubbell* agt.

Byron agt. The Mayor.

*Schuyler*, 14 *Abb.* [*N. S.*], 310; *Rathbun* agt. *Warren*, 10 *Johns.*, 596; *King* agt. *Baldwin*, 17 *Johns.*, 384). (*b*.) The case cited by defendant's counsel, in manuscript opinion, was one in which the lien was declared invalid and of no force and effect, and the court, having acquired no jurisdiction, declined to award a personal judgment. It does not refer to, nor disturb, the principles established in above cited cases. (*c*.) A personal judgment is provided for in this act. Section 6 provides : "Any claimant who has filed the notice mentioned in second section of this act may enforce his claim against the said fund therein designated, and against the person or persons liable for the debt by a civil action." Section 7 refers to "parties against whom no personal claim is made." Section 8 : "The court in which the action is brought shall determine the amount due from the debtor to the contractor," and "additionally shall render judgment directing the city to pay over," &c. Section 12 merely provides for bringing a personal action, when the lien is wholly invalid, or the party elects to maintain a personal action alone. The whole act as to its provisions in this regard does not differ in any material respect from the mechanic's lien act for New York county, passed in 1875. I have never heard it questioned that under this act personal judgment could be given. This position seems free from any doubt.

*N. H. Clements*, for defendants Freel and McNamee.

LAWRENCE, *J.* — In this case I am of opinion that the evidence establishes that the plaintiff furnished materials, amounting in value to the sum of $465.29, which were actually used in and about the work referred to in the complaint. In arriving at this amount I have allowed thirty-six dollars as the value of the blue stone used in the performance of the work. From the aforesaid sum of $465.29 there should be deducted the sum of ninety-three dollars, the amount paid by the defendants Freel and McNamee to the plaintiff, leaving

an unpaid balance of $372.29. For this amount the plaintiff has a lien which he can enforce against the fund in the hands of the city, under the provisions of chapter 315 of the Laws of 1878. I am also of the opinion that the evidence establishes that the defendants Freel and McNamee were indebted to the plaintiff, at the time of the commencement of this action, in the sum of $832.29, for which amount the plaintiff is entitled to a personal judgment against them under the sixth section of the act aforesaid.

The evidence as to the sale and delivery of the blue stone is conflicting, and I do not feel warranted in holding that the plaintiff has established such sale or delivery to any greater extent than as to the small portion of the stone which was actually used in the work, and which was, as has been before stated, amounted to the sum of thirty-six dollars. The case of *Burroughs* agt. *Thompson*, which is cited by the learned counsel for the defendants, does not appear to me to be an authority against the power of the court, under the act of 1878, to render a personal judgment against the original debtor for the amount due from him, in excess of the amount for which a lien has been established.

The sixth section of the act seems to contemplate a complete settlement of the controversy between the materialman and his debtor in one action. The case above referred to in the court of appeals proceeded from the theory that as the materialman had failed to show that there was anything due from the owner of the land to the first contractor, no lien whatever was established, and, therefore, the action could not be maintained for the purpose of rendering a personal judgment against the contractor. Here the lien is established to a certain amount, and it would appear that in such a case a personal judgment can be rendered in favor of the plaintiff against the contractor for the full amount due from him (*Hubbell* agt. *Schreyr*, 14 *Abbott* [*N. S.*], 286).

Judgment accordingly. Findings may be settled on two days' notice.