MAREAN v. STANLEY.

|   5   335 |
| s34s   93 |

1. CUMULATIVE REMEDIES—MECHANICS' LIENS.

Generally, if a party have several remedies for the recovery of the same debt, he may resort to them all, although he can have but one satisfaction.

2. SAME.

The recovery of judgment for a debt due for labor and materials furnished by a contractor does not bar an action by the creditor to foreclose the mechanic's lien to secure the payment of the same indebtedness.

3. MECHANIC'S LIEN—FILING STATEMENT.

Under the provisions of the mechanic's lien act of 1889, the failure to file the statement of claim of lien within the time prescribed by law did not defeat the lien, except as against innocent purchasers

and incumbrancers in good faith without notice, whose rights attached after such time had expired and before the claim was filed.

*Error to the District Court of Arapahoe County.*

Mr. F. A. WILLIAMS, for plaintiff in error.

Mr. WM. KNAPP, for defendant in error.

REED, J., delivered the opinion of the court.

One J. H. Rigden, in the month of March, 1890, was building for himself two different sets of tenements in North Denver. Stanley, defendant in error (plaintiff below), was by Rigden employed to do the plumbing in the houses. No contract as to price was made. It appears that defendant had previously been quite extensively employed by Rigden on other buildings, and was required by him to do the work at what it should be worth. One set of buildings was known as the " Caithness Ave. Property ; " the other, as the " Douglas St. Property." The work upon Caithness Ave. property was commenced May 2d. The work was nearly or quite completed during the month, with the exception of one item charged as done upon August 6th, amounting to $4.60. The whole bill upon that property amounted to $460.64. The work upon the Douglas St. property was commenced April 30th, and appears to have been substantially completed May 26th. After that time, from June 4th to July 21st, there were three items charged, aggregating $8.10, the whole bill being $406.62. In the month of June, plaintiff in error purchased the two properties in question, subject to the claims and trust deeds against and upon them, and giving in exchange ranch or farm property in the northern part of the state. Deeds to the respective properties were executed, but not delivered, as plaintiff wished to release the property from certain incumbrances before the exchange was made. It was contracted and intended that the transaction should be closed on July 7th, but it was delayed, and not completed until September 11th.

For some time previous to the exchange an attorney and agent for both parties, with the money of plaintiff, was paying off claims, and relieving the property from liens and incumbrances. The claims of defendant were not paid, not because of the want of knowledge of their existence by plaintiff, but, as testified by him, because he supposed no liens could be filed, and that the statutory time for filing them had expired. At 1:40 P. M. on September 11th, defendant filed his liens against the respective properties; at 3:40 P. M. of same day the deed from Rigden to plaintiff was filed for record. It was in evidence that, at some time previous, defendant had brought suit against Rigden for all money due, including the lien claims, and had recovered a judgment for $1,383.51.

It is earnestly urged by counsel, in argument, that the claims, having been embraced in such suit, merged in the judgment, and by reason of it the suits to enforce the liens could not be maintained; and numerous authorities are cited, supposed to sustain the contention. Counsel seem to have failed to distinguish between the debt and the security. The statutory lien given is equitable,—must be enforced in equity. The proceeding is for the purpose of subjecting the security to the payment of the debt. It would seem, upon principle and authority, that nothing short of the payment of the debt by satisfaction of the judgment would extinguish the right to enforce the claim against the security.

By sec. 2161, Gen. Stats., it is provided: "No remedy given in this act shall be construed as preventing any person from enforcing any other remedy which he otherwise would have had, except as otherwise herein provided."

The proceeding to enforce a mechanic's lien is only *in rem*. The amount of Rigden's indebtedness was much greater than his security upon the property. The property could only be sold for the amount of the liens. The remedy is cumulative. The law, although it will not allow a person to have more than one satisfaction of a debt, allows several remedies, until one satisfaction is obtained. See *Delahay v. Clement*, 3 Scam.

201, where a proceeding to enforce a mechanic's lien was pleaded in abatement of an action at law.

In Phil. Mech. Liens, sec. 311, it is said: " It is to be borne in mind that the lien itself and the debt due for the work and materials are totally distinct. When the owner has himself ordered an expenditure on his land, there always existed a debt for which he was personally responsible, recoverable in an ordinary action of assumpsit. The lien, as an appropriation of a specific thing, has been superadded to this remedy, but has not interfered with its enforcement. The two remedies stand independently of each other. As a general proposition, it is true that, if a party have several remedies for the recovery of the same debt, he may resort to them all, though he can have but one satisfaction."

In *West v. Fleming*, 18 Ill. 248, it is said: " The only questions important for determination are whether Fleming, by his attachment, waived his lien, under the mechanic's lien law, or was precluded thereby from proceeding under that law ; and whether the court erred in decreeing a sale by the commissioner, without giving the statutory right of redemption. The proceeding under the statute is additional or cumulative of such other remedies for enforcement of the contract out of which the lien arises as the party may have, either against person or property. He may therefore at the same time pursue several remedies for satisfaction of one debt, which are not substantially the same in their nature and effect, as a proceeding against property and an action against the person, or two proceedings against different properties or things, but can have one satisfaction only. 1 Chit. Pl. 212, 254; *Delahay v. Clement*, 3 Scam. 201 ; *Branigan v. Rose*, 3 Gilman, 123. A resort to several remedies may be necessary to obtain full satisfaction, and, being consistent with each other and with the purpose of satisfaction, the pursuit of them cannot be construed into a waiver of an existing lien." See, also, *Crawford v. Crockett*, 55 Ind. 223 ; *Byron v. Mayor*, 59 How. Pr. 455; *Hubbell v. Schreyer*, 14 Abb. Pr. (N. S.)

286; *Webb v. Van Zandt*, 16 Abb. Pr. 190; *McNiel v. Bor-
land*, 23 Cal. 144; *Association v. Wagner*, 61 Cal. 349.

The case was tried to the court, and a finding and decrees for
defendant for the sums, respectively, as claimed,—$406.62
and $460.64. In the Caithness Ave. property, the court found
that all the work done, including that of August 6th, "was
a necessary part of the work originally contracted to be done,"
and was continuous, within the meaning of the statute. As
to the Douglas St. property, it was not continuous; that the
contract work was completed on July 7th; consequently, the
statutory limitation as to that had expired; but that plain-
tiff was never an innocent purchaser without notice; and
that defendant was entitled to a lien, under the provisions of
Sess. Laws, 1889, p. 250, sec. 5. The two findings of fact
by the court are the only remaining questions that require
examination.

In the Caithness Ave. claim, it is contended that the evi-
dence did not warrant the finding; that the item under date
of August 6th was not a part of the original contract, not
necessary to the completion of the job, and was done only for
the purpose of retaining a lien. Whether it was done by
collusion with Rigden, as shown in other cases, to prevent
the lien from lapsing, is not satisfactorily shown. The evi-
dence in regard to it was conflicting, but sufficient to warrant
the finding. The fact might, with equal propriety, have been
found either way. This court will not assume, as against
the finding, that a fraud was practiced upon the plaintiff, and
the finding will not be disturbed. The other finding of fact
must also be sustained in regard to the Douglas St. property,
and, if necessary, might be applied with equal propriety to
the Caithness Ave. property.

The trade of plaintiff and Rigden was to have been closed
and the deeds delivered, under the contract, on July 7th. It
was not closed until September 11th. The reason given in
the testimony of plaintiff is as follows: Mr. Williams pre-
pared the deeds. They were left in escrow with him. Mr.
Williams going away, matters were transferred to Mr. Way-

bright. "The reason for not being executed was that there was some money placed in Mr. Waybright's hands to pay the certain incumbrances on these properties, so they could be clear of all incumbrances, with the exception of certain trust deeds." It will be observed that July 7th, when the trade was to have been closed, was clearly within the time limit for filing the lien. It will also be at once seen that plaintiff was aware that there were claims and incumbrances affecting the title that must be paid off, and he deposited money to satisfy them.

Plaintiff testified: "I had no reason to believe that any lien was filed. *The time had been so long since the houses were completed that I didn't fear any danger on that score.*" He also testified: "At the time I entered into my contract, I did not know who had furnished the plumbing, and didn't then know of Mr. Stanley's claim at all. At the time I delivered the deed, I think, there was a bill against Mr. Rigden, that was brought in to Mr. Waybright, who had this matter in charge; and my recollection is I met Mr. Stanley one day just before the deal was closed, in regard to his claim, etc. I didn't pay much attention to it; left the matter entirely to Mr. Waybright. My recollection is, I saw Mr. Stanley and Mr. Waybright at Waybright's office; that is, the matter was left almost entirely with Mr. Waybright, and he was settling up those claims that they had on these various pieces of property."

Mr. Waybright testified: "In my lists I didn't have any liens in favor of Mr. Stanley. *Didn't understand there could be any on account of the time being out.*"

It is thus conclusively shown that both the plaintiff and his agent, Waybright, knew of the existence of appellee's claims, and that the plumbing had not been paid for, and defendant was urging their payment, and expecting them to be satisfied with the balance, and plaintiff, through his agent, refused payment upon the supposition that, by reason of the long delay, the lien claims were barred. The lien papers were of record at 1:40 P. M., and were constructive notice

when the plaintiff received and filed his deed for record, two hours later.   The evidence and circumstances were such as to warrant the finding that the plaintiff was not an innocent purchaser, without notice.   Technically, the plaintiff did not become a purchaser until September 11th.   The lien claims were filed two hours before his title was perfected. By Laws 1889, p. 260, sec. 5, it is provided: " From the date of the filing of any such statements all persons shall be deemed to have notice thereof," etc.   The decree of the district court will be affirmed.

*Affirmed.*