**DAVE PETERSON ELECTRIC, INC., Defendant–Appellant,**

v.

**BEACH MOUNTAIN BUILDERS, INC., Defendant–Appellee.**

No. 06CA0426.

Colorado Court of Appeals, Div. I.

July 12, 2007.

Bloch & Chapleau, P.C., Joseph D. Bloch, E. Scott Ray, Denver, Colorado, for Defendant–Appellant.

Wolf & Associates, P.C., Christian Caslin, Vail, Colorado, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

Defendant, Dave Peterson Electric, Inc. (Peterson), appeals the trial court judgment dismissing its mechanic's lien claim. We reverse and remand.

Peterson contracted to perform electrical work for a homeowner in Vail. When the homeowner failed to pay for the work, Peterson sued for breach of contract, and the court entered default judgment against the homeowner (the other case). Peterson obtained a judgment lien, but was unable to collect on that judgment.

In this case, two contractors instituted an action to recover on mechanic's liens against the homeowner and named as defendants all parties who held mechanic's liens against the homeowner, including Peterson and Beach

Mountain Builders, Inc. (Beach Mountain). Peterson filed a statement of its mechanic's lien claim against the homeowner and served its statement of claim upon all active parties, thereby triggering each party's obligation to respond.

Beach Mountain did not assert the affirmative defense of res judicata, also known as claim preclusion, against codefendant Peterson in an appropriate pleading as contemplated by C.R.C.P. 8(c). *See Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo.2005)("This court uses the terms 'claim preclusion' and 'issue preclusion' rather than 'res judicata' and 'collateral estoppel.' ").

Subsequently, Beach Mountain joined another codefendant's motion to dismiss Peterson's mechanic's lien claim based upon the doctrine of claim preclusion because Peterson had obtained a judgment lien in the other case without filing a mechanic's lien claim in that action. The court granted that motion, and Peterson appealed. Although Beach Mountain and one other codefendant filed motions to dismiss Peterson's mechanic's lien claim, only Beach Mountain filed a response to Peterson's appeal. For simplicity, we refer to both codefendants as Beach Mountain.

We have jurisdiction to consider this appeal because the trial court certified its order as a final judgment pursuant to C.R.C.P. 54(b).

## I. Affirmative Defense Raised in Motion to Dismiss

■ Peterson argues the trial court erred in permitting Beach Mountain to assert, in its motion to dismiss, the affirmative defense of claim preclusion because Beach Mountain failed to raise the defense in an answer. We disagree.

■ In general, a party must plead affirmative defenses such as claim preclusion or the statute of limitations in its answer. C.R.C.P. 8(c); *Super Valu Stores, Inc. v. Dist. Court*, 906 P.2d 72, 78 (Colo.1995). However, in some circumstances, an affirmative defense asserted for the first time in a motion for summary judgment will be deemed to be incorporated into the defen-

dant's answer. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84 (Colo.1999); *Cox v. Pearl Inv. Co.*, 168 Colo. 67, 70–71, 450 P.2d 60, 61–62 (1969).

In *Bebo*, the plaintiff argued that the defendant waived the collateral estoppel defense by failing to assert it in its answer. The supreme court disagreed and held that the defendant could assert the defense because (1) the plaintiff waived any procedural objections by arguing the merits of the collateral estoppel defense, and (2) the plaintiff was not prejudiced by the late assertion of the defense because it had an opportunity to raise both substantive and procedural objections. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, supra, 990 P.2d at 84.

Here, Beach Mountain failed to assert the affirmative defense of claim preclusion in the appropriate responsive pleadings but asserted it in a motion to dismiss. However, in its motion for reconsideration, Peterson addressed the merits of the claim preclusion defense. In addition, Peterson was not prejudiced by the late assertion of the defense because it had an opportunity to raise a procedural objection with the trial court and failed to do so. We conclude, therefore, that Peterson waived any procedural objection to such an affirmative defense.

■ Peterson, nonetheless, attempts to distinguish *Bebo* arguing that it involved a collateral estoppel (or issue preclusion) defense asserted for the first time in a motion for summary judgment, whereas this case involves a claim preclusion defense asserted in a motion to dismiss. We are not convinced.

■ Issue preclusion and claim preclusion are similar defenses that preserve judicial resources by preventing the relitigation of stale claims. *See* Diane Vaksdal Smith, *Finality of Judgment: Issue Preclusion, Claim Preclusion, and Law of the Case*, 35 Colo. Law. 43 (July 2006). Peterson has not identified, and we do not perceive, any meaningful distinction between these two affirmative defenses that would permit, at least in these circumstances, the post-answer assertion of one and not the other. *See also Alien, Inc. v. Futterman*, 924 P.2d 1063, 1068

(Colo.App.1995)(holding a party waived any procedural objection to a late asserted affirmative defense of fraud).

Furthermore, this case cannot be distinguished from *Bebo* merely because Beach Mountain raised the defense in a motion to dismiss as opposed to a motion for summary judgment. *Cf. Harrison v. Pinnacol Assurance,* 107 P.3d 969, 971 (Colo.App.2004) ("Although generally the statute of limitations should be raised in the answer rather than in a motion to dismiss, 'the defense of limitations may be raised by a motion to dismiss when the time alleged in the complaint shows that the action was not brought within the statutory period.'" (quoting *Wasinger v. Reid,* 705 P.2d 533, 534 (Colo.App.1985)).

Here, Peterson cites no authority for its contention that the *Bebo* only applies to summary judgment motions.

Furthermore, we are persuaded by decisions in federal and state jurisdictions that have interpreted rules similar to C.R.C.P. 8(c) to permit a defendant to raise the affirmative defense of claim preclusion for the first time in a motion to dismiss. *See Benton v. Adams,* 56 P.3d 81, 86 (Colo.2002)("When a Colorado Rule is similar to a Federal Rule of Civil Procedure, we may look to federal authority for guidance in construing the Colorado rule."). The overwhelming majority of these courts have concluded that a defendant may assert a claim preclusion defense for the first time in a motion to dismiss where the plaintiff fails to show prejudice. *See, e.g., Belluardo v. Cox Enters., Inc.,* 157 Fed. Appx. 823, 829–30, 2005 WL 3078632 (6th Cir.2005)(holding defendant could raise defense of res judicata for the first time in a motion to dismiss notwithstanding Fed. R.Civ.P. 8(c) because plaintiff received timely notice of the defense and no purpose would be served by requiring a remand to amend the answer to include such a defense); *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001)(noting "[w]e have liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings" and therefore, a defendant may raise an affirmative defense for the first time in a motion for judgment on the pleadings if the delay does not prejudice the plaintiff); *Amos v. Amos,* 282 Ark. 532, 533, 669 S.W.2d 200, 200 (1984) (permitting assertion of res judicata in motion to dismiss where no prejudice to defendant); *Tex. W. Oil & Gas Corp. v. First Interstate Bank,* 743 P.2d 857, 858 (Wyo.1987) (stating Wyoming follows the modern trend of permitting the assertion of res judicata or collateral estoppel defenses in a motion to dismiss), *aff'd on reh'g,* 749 P.2d 278 (Wyo.1988); *cf. Sanders v. Dep't of Army,* 981 F.2d 990, 991 (8th Cir.1992)(holding defendant could raise statute of limitations defense for the first time in a motion to dismiss because it would have been a meaningless formality for the court to require an amended answer to assert such a claim). *But see Harris v. Sec'y, U.S. Dep't of Veterans Affairs,* 126 F.3d 339, 341 (D.C.Cir.1997) (defendant could not assert statute of limitations defense for the first time in a motion to dismiss but could seek leave to amend answer to include such a defense); *Jim's Steak House, Inc. v. City of Cleveland,* 81 Ohio St.3d 18, 20–21, 688 N.E.2d 506, 508 (1998)(same); *cf. In re Cumberland Farms, Inc.,* 284 F.3d 216, 227 (1st Cir.2002) (holding defendant could not raise statute of limitations defense on the eve of trial).

We agree with the majority of courts and follow the modern trend to permit a defendant to assert the defense of claim preclusion in a motion to dismiss.

Here, Peterson made a bare assertion of prejudice with no further argument. Therefore, we conclude that Beach Mountain properly asserted the affirmative defense of claim preclusion in its motion to dismiss.

## II. Coexisting Remedies Under § 38–22–124

Peterson next contends the trial court erred in applying Beach Mountain's defense of claim preclusion to Peterson's mechanic's lien claim because § 38–22–124, C.R.S.2006, permits mechanic's liens to coexist with other kinds of relief and thereby bars application of claim preclusion. We agree.

Section 38–22–124, provides in pertinent part, "No remedy given in this [General Mechanics' Lien] article shall be construed as preventing any person from enforcing any

other remedy which he otherwise would have had, except as otherwise provided in this article."

Statutes may not be interpreted to abrogate the common law unless the General Assembly clearly intended such abrogation. *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth., supra,* 109 P.3d at 611; *Preston v. Dupont,* 35 P.3d 433, 440 (Colo.2001). In addition, "[g]iven the history and vitality of the doctrine [of claim preclusion] as a foundation for the finality of litigation and a fundamental basis for confidence in our system of jurisprudence, judicially-recognized exceptions to claim preclusion are extremely rare." *Argus v. E-470, supra,* 109 P.3d at 611.

Equally significant, however, is the long history in Colorado of recognizing a creditor's right both to (1) obtain a judgment and pursue a judgment lien (at which time the debt merges into the judgment) and (2) foreclose on the lien of a deed of trust or a mechanic's lien, concurrently or consecutively. *Mortgage Invs. Corp. v. Battle Mountain Corp.,* 70 P.3d 1176, 1184-85 (Colo.2003); *see also Greene v. Wilson,* 90 Colo. 562, 563-64, 11 P.2d 225, 226 (1932)("a mortgagee of land may sue on the note alone, or sue to foreclose alone, or join both proceedings in one"); *Marean v. Stanley,* 5 Colo.App. 335, 337-38, 38 P. 395, 396 (1894) (holding a creditor may pursue alternative remedies of an ordinary judgment and a mechanic's lien in separate proceedings). The two remedies may coexist, and a creditor may pursue both until it collects on the debt, at which time the foreclosure action and judgment lien merge such that the creditor may not recover twice on the same debt. *Mortgage Invs. Corp. v. Battle Mountain Corp., supra,* 70 P.3d at 1185.

Interpreting a statute similar to the one at issue here, the division in *Marean* explained, "A resort to several remedies may be necessary to obtain full satisfaction, and, [each remedy] being consistent with each other and with the purpose of satisfaction, the pursuit of them cannot be construed into a waiver of an existing lien." *Marean v. Stanley, supra,* 5 Colo.App. at 338, 38 P. at 396.

Accordingly, we conclude that § 38-22-124 is the rare exception to the doctrine of claim preclusion and permits a subsequent action based upon the same claim for relief involving the same parties. We further conclude that in enacting § 38-22-124, the General Assembly intended to abrogate the doctrine of claim preclusion by permitting a mechanic's lien claim subsequent and in addition to a claim to foreclose a judgment lien. However, once the creditor collects on the debt through either remedy, the two remedies merge.

Here, Peterson obtained a default judgment against the homeowner in the other case and, in this action, it seeks to collect on a mechanic's lien for the same debt. We conclude that claim preclusion does not apply in this context. Therefore, the trial court erred in applying claim preclusion and dismissing Peterson's claim.

The judgment is reversed, and the case is remanded for further proceedings on Peterson's claim consistent with this opinion.

Judge MÁRQUEZ and Judge J. JONES concur.