**RANCHO ESCONDIDO PROPERTY OWNERS ASSOCIATION,**
Plaintiff–Appellee,

v.

**REDSTONE MANAGEMENT COMPANY, Defendant–Appellant.**

No. 06CA1739.

Colorado Court of Appeals, Div. V.

Aug. 9, 2007.

Law Office of Helen E. Arnold, Helen E. Arnold, Denver, Colorado, for Plaintiff–Appellee.

Enoch & Enoch, P.C., Barton L. Enoch, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

In this real estate action concerning lien priorities, defendant, Redstone Management Company, appeals from the partial summary judgment in favor of plaintiff, Rancho Escondido Property Owners Association. We reverse and remand.

The relevant facts are undisputed. The Rancho Escondido subdivision was formed by a Declaration of Protective Covenants, Conditions and Restrictions, duly recorded in Las Animas County on January 30, 1992. Pursuant to the Declaration, the Association is charged with managing the common aspects of the Rancho Escondido subdivision and collecting mandatory assessments from each Rancho Escondido property owner.

Under the terms of the Declaration, each property owner covenants to pay annual and special assessments to the Association, and such assessments, together with interest, costs, and reasonable attorney fees, constitute a "charge on the land and shall be a continuing lien upon the property." The remedies provision of the Declaration permits the Association to "bring an action at law against the owner personally obligated to pay the [delinquent assessment], *or* foreclose the lien against the property" (emphasis added).

In November 1994, Barry A. Thorne, not a party here, purchased the property that is the subject of this action, and he was the record owner at all times pertinent to this appeal. In May 2000, Thorne mortgaged the property in the amount of $60,000 to Orono, Inc., which duly recorded its deed of trust on May 23, 2000. Orono later assigned the deed of trust to Redstone.

At the time Orono recorded its deed of trust, Thorne owed the Association $500 in unpaid assessments. Later, Thorne became delinquent in other assessment payments for 2000, 2001, and 2002. To collect Thorne's

delinquent assessments for these years—including the $500 and associated interest, costs, and fees—the Association elected, pursuant to its grant of authority in the Declaration, to bring a personal action against Thorne. Ultimately, the Association was awarded judgments of $4,930.24 and $14,653.74 against Thorne, the transcripts of which it duly recorded on August 19, 2002.

On March 4, 2004, the Association filed the action here to collect on its judgment liens and also to foreclose assessment liens for unpaid assessments for the years 2003 and 2004. Redstone moved for partial summary judgment on the former claim, seeking a declaration that its deed of trust lien was superior to the Association's subsequently recorded judgment liens.

The trial court disagreed with Redstone and, instead, granted judgment on this claim in favor of the Association. The court declared that "unpaid assessments and the liens created thereby of the Association owing at the time Orono recorded its Deed of Trust [May 23, 2000]," as well as the costs of litigation and attorney fees incurred in collection thereof, "are superior to Orono's Deed of Trust and Redstone's interest in the subject property."

The order was made final pursuant to C.R.C.P. 54(b) and Redstone filed this appeal contending that: (1) the trial court erred in ruling that the Association's judgment liens were superior to the Orono/Redstone deed of trust lien; and (2) the Association is precluded from pursuing any other means of collecting the unpaid assessments that were part of the personal judgments it was awarded against Thorne. We agree in part.

## I. Assessment Liens Arising Under Declaration

Redstone argues that the trial court erred to the extent its ruling determined that the Association's judgment liens were superior to the Orono/Redstone deed of trust lien. We agree.

### A. Unremedied Assessment Liens

Section 38–35–109, C.R.S.2006, Colorado's recording statute, governs the priori-

ty accorded to encumbrances upon real property in Colorado. A race-notice statute, it accords priority to encumbrances in the order in which they were recorded so long as the individual who records earlier in time did not have notice of existing encumbrances before recording. *See Guar. Bank & Trust Co. v. LaSalle Nat'l Bank Ass'n*, 111 P.3d 521, 523 (Colo.App.2004).

Here, the Declaration was recorded on January 30, 1992, and stated that each Rancho Escondido property owner's assessments constitute a "charge on the land and shall be a continuing lien upon the property." Thus, as the trial court found, when Orono recorded its deed of trust on May 23, 2000, Orono was on notice of the Association's Declaration assessment liens that stemmed from Thorne's $500 in unpaid assessments. *See Martinez v. Affordable Housing Network, Inc.*, 123 P.3d 1201, 1206 (Colo.2005) (subsequent purchasers or lienholders are deemed to have constructive notice of encumbrances when a search of title records would have revealed the encumbrance, and they are deemed to have inquiry notice when they become or should have become aware of facts that, if investigated, would have revealed the encumbrance). Thus, when it was recorded, Orono's deed of trust lien was junior to the Association's assessment liens that arose under the terms of the Declaration. *See* § 38–35–109.

### B. Transcript of Judgment Liens

However, a year after Orono recorded its deed of trust, the Association sought to collect Thorne's unpaid assessments pursuant to the Declaration, which, as previously noted, allows the Association to collect on assessment liens created by the Declaration through an action at law against the owner personally or through foreclosure of the Declaration lien against the property. Thus, in 2001, pursuant to the terms of the Declaration, the Association sought collection on the Declaration assessment liens—including those liens that arose before Orono recorded its deed of trust—by bringing an action against Thorne personally. That action resulted in judgments in favor of the Associa-

tion for $4,930.24 and $14,653.74 against Thorne.

Personal judgments, like foreclosure orders, can be a lien on real property. *See* § 13–52–102, C.R.S.2006. However, a personal judgment only becomes a lien on real property "from the time of recording such transcript, and not before." Section 13–52–102(1), C.R.S.2006.

Here, the Association recorded the transcripts of the personal judgments on August 19, 2002 and, therefore, the judgments became liens upon Thorne's property on that date. Thus, although the judgment liens arose from Declaration assessment liens that, in part, existed before Orono recorded its deed of trust, § 13–52–102(1) provides that, because those assessment liens are now in the form of judgments, they only became liens on the property upon recording.

Furthermore, because Orono and Redstone necessarily could not have had notice of the judgment liens before those liens existed, the Association's judgment liens, recorded on August 19, 2002, are junior to the deed of trust lien, recorded on May 23, 2000. *See* § 38–35–109. Likewise, because the interest, costs, and attorney fees were awarded to the Association as part of its personal judgments, they are entitled to the same junior priority as the judgment liens.

### C. Election of Remedy Under Declaration

The plain terms of the Declaration provide the Association the option of collecting on its assessment liens either by bringing an action against the owner personally or by foreclosing the Declaration lien. Thus, we agree with Redstone that, as to the assessment liens arising under the Declaration for which the Association elected to sue Thorne personally, the Association relinquished its alternative foreclosure remedy. *See Montgomery Ward & Co. v. Crossroads Shopping Ctr.*, 44 Colo.App. 263, 265, 620 P.2d 40, 41 (1980) ("or" is disjunctive indicating a choice of alternatives, of which only one may be selected), *aff'd*, 646 P.2d 330 (Colo.1981).

### II. Liens Arising Under CCIOA

Although we agree with Redstone that its deed of trust lien is superior to the Association's judgment liens, we disagree with Redstone's further contention that the Association is now precluded from pursuing alternative remedies to collect the unpaid assessments. Rather, we agree with the Association that, separate and distinct from the liens created by the Declaration, it may have enforceable assessment liens arising under the Colorado Common Interest Ownership Act (CCIOA), § 38–33.3–101, et seq., C.R.S.2006. *See* § 38–33.3–316, C.R.S.2006.

The CCIOA is a uniform act that creates a comprehensive framework for the creation and operation of common interest communities. *See* § 38–33.3–102, C.R.S.2006 (legislative declaration). Effective July 1, 1992, certain of its provisions, including the creation of statutory assessment liens, apply to preexisting common interest communities with respect to events or circumstances taking place after its enactment. *See* §§ 38–33.3–104; 38–33.3–117; 38–33.3–316, C.R.S.2006. Section 38–33.3–316 provides that the assessment liens created under its provisions "may be foreclosed [by an association] in like manner as a mortgage on real estate." Section 38–33.3–316(11)(a), C.R.S.2006.

Here, although both the CCIOA and the Declaration may give the Association liens for the same unpaid assessments, contrary to Redstone's contention, we conclude that the Association is not barred from pursuing collection under both. Although an individual may not recover more than once for a single wrong, that rule does not bar an individual from pursuing multiple avenues of relief until full recovery is actually obtained. *See Lexton–Ancira Real Estate Fund, 1972 v. Heller*, 826 P.2d 819, 823 (Colo.1992); *Marean v. Stanley*, 5 Colo.App. 335, 338, 38 P. 395, 396 (1894) ("As a general proposition, it is true that, if a party ha[s] several remedies for the recovery of the same debt, he may resort to them all, though he can have but one satisfaction." (quoting Phil. Mech. Liens § 311)).

Indeed, the assessment lien provision of the CCIOA provides that "[t]his section does not prohibit actions or suits to recover sums

for which subsection (1) of this section creates a lien or ... prohibit an association from taking a deed in lieu of foreclosure." Section 38–33.3–316(6) C.R.S.2006; *see Linden Condo. Ass'n v. McKenna,* 247 Conn. 575, 726 A.2d 502, 507–08 (1999) (stating that corresponding section of uniform act "allows an association to sue a unit owner based on the owner's personal liability, in addition to the association's statutory right to foreclose on its lien"); *see also Mortgage Invs. Corp. v. Battle Mountain Corp.,* 70 P.3d 1176, 1184–85 (Colo.2003) (holding that a creditor may pursue a judgment lien and foreclose on a deed of trust lien or a mechanic's lien, concurrently or consecutively); *Dave Peterson Elec., Inc. v. Beach Mountain Builders, Inc.,* 167 P.3d 175, 178 (Colo.App.2007) (same); *cf. Greene v. Wilson,* 90 Colo. 562, 563–64, 11 P.2d 225, 226 (1932) ("In this state a mortgagee of land may sue on the note alone, or sue to foreclose alone, or join both proceedings in one."). *See generally* 12 *Thompson on Real Property* § 101.04(b), at 391 (David A. Thomas ed., 1994) (mortgagee may foreclose on mortgage and also sue mortgagor personally for the debt either simultaneously or consecutively so long as the mortgagee only recovers once on the debt); *Kepler v. Slade,* 119 N.M. 802, 896 P.2d 482, 485 (1995) (same; collecting cases).

---

ᴸ Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

## III.   Conclusion

To the extent that the trial court declared that the Association's judgment liens were superior to the Orono/Redstone deed of trust lien, we agree with Redstone and conclude that this was error.   However, we agree with the Association that by obtaining the judgment liens, it did not affect its additional option of seeking to collect on assessment liens that may arise under the CCIOA so long as the Association only collects once for any single unpaid assessment.

Based on our disposition, we need not address the remaining issues raised by the parties.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Justice ROVIRA * and Judge KAPELKE * concur.

§ 24–51–1105, C.R.S.2006.